DAVID PATTON
FEDERAL DEFENDERS OF NEW YORK
CHASE SCOLNICK
Assistant Federal Defender
One Pierrepont Plaza – 16th Floor
Brooklyn, NY 11201
Tel: (718)330-1213
Fax:(718)855-0760
Email: chase_scolnick@fd.org

Attorneys for Defendant
KEVIN FAGAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 14-CR-632(JMA) |
| Plaintiff, | **DEFENDANT'S TRIAL BRIEF RE ADMISSIBILITY OF STATEMENTS PURSUANT TO FRE 803(3)** |
| v. | |
| KEVIN FAGAN, | |
| Defendant. | |

Defendant Kevin Fagan, by and through his attorney of record, Assistant Federal Defender Chase Scolnick, will and hereby does file this motion to admit his statements pursuant to Federal Rule of Evidence 803(3).

Respectfully submitted,

DAVID PATTON
Federal Defenders of New York
Attorney for Defendant
KEVIN FAGAN
One Pierrepont Plaza – 16th Floor
Brooklyn, New York 11201
Tel: (718) 330-1213
Email: chase_scolnick@fd.org

Dated: May 5, 2015          By____S_____
                            CHASE SCOLNICK
                            Assistant Federal Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Mr. Fagan seeks to admit evidence, through the government's case agent, regarding a text exchange that Mr. Fagan had with his cousin while he was in St. Lucia. During this conversation, Mr. Fagan explained that he was in St. Lucia and was planning to travel to New York to surprise his son.

This testimony is relevant because it tends to show that Mr. Fagan acted in conformity with his plans to travel to New York to visit his son, whose birthday was several days after Mr. Fagan's arrival in New York, and helps to establish that he did not have the requisite intent to violate the charged offenses. His declarations are admissible under Federal Rule of Evidence 803(3), as well as the *Hillmon* doctrine[1], as statements of his present and future intent, understanding, and plan.

## II.

## MR. FAGAN'S DECLARATIONS ARE RELEVANT AND ADMISSIBLE EVIDENCE OF HIS INTENT

Rule 803 of the Federal Rules of Evidence provides that

> "[a] statement of the declarant's *then existing state of mind*, emotion, sensation, or physical condition (such as *intent, plan*, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . ."

---

[1]   *See Mutual Life Insurance Co. V. Hillmon*, 145 U.S. 285, 299, 300 (1892)

is "not excluded by the hearsay rule." (emphasis added). This exception is based on the Supreme Court's decision in *Mutual Life Insurance Co. V. Hillmon*, 145 U.S. 285, 299, 300 (1892), which ruled that evidence that a missing person had stated his intention to go on a trip with Hillmon was admissible because such a statement is:

> Evidence that, shortly before the time when other evidence tended to show that he went away, he had the intention of going, and of going with Hillmon, which made it more probable both that he did go and that he went with Hillmon than if there had been no proof of such intention.

*United States v. Persico*, 645 F.3d 85, 100 (2d Cir. 2011) (quoting *Hillmon*, 145 U.S. at 296). If relevant, such a statement may be introduced to prove that the declarant thereafter acted in accordance with the stated intent. *Id.* (quoting *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000). Indeed, relevant declarations that fall within the parameters of this rule are *categorically* admissible, "even if they are self-serving and made under circumstances which undermine their trustworthiness." *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) (citing *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984) (emphasis in original).

Here, Mr. Fagan's statements to his cousin regarding his intent to travel to New York to surprise his son are admissible. The statements are expressions of his *intent* to travel to New York in furtherance of his *plan* to surprise his son for his birthday. *See* Fed. R. Evid. 803(3). These statements were made shortly

before his departure–the night before he purchased his plane ticket to New York and less than 48 hours before his departure–and are inherently reliable.

These statements are relevant because they tend to show that Mr. Fagan lacked the specific intent necessary to violate the charged offenses. The government has alleged that Mr. Fagan traveled to New York on a planned "drug trip." That he planned to travel to New York for a different, innocent purpose tends to show that he acted in conformity with these plans and that he did not plan to import narcotics.

Moreover, the statements are also corroborated by other evidence. Mr. Fagan was traveling to New York on November 27th. His son does, in fact, live in New York, a short distance from the airport. His son's birthday December 2nd, and Mr. Fagan's return flight did not leave New York until December 8, 2014.

Respectfully submitted,

DAVID PATTON
Federal Defenders of New York
Attorney for Defendant
KEVIN FAGAN
One Pierrepont Plaza – 16th Floor
Brooklyn, New York 11201
Tel: (718) 330-1213
Email: chase_scolnick@fd.org

Dated: May 5, 2015            By_____S_____
                              CHASE SCOLNICK
                              Assistant Federal Defender

4